*Judge Pauley*

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

**08 CIV 6390**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ICC CHEMICAL CORPORATION                             ECF CASE

                    Plaintiff,                                  08 CV ____ (    )

       - against -                                     **VERIFIED COMPLAINT**

KUNDAN RICE MILLS LTD. and
KUNDAN GROUP

                    Defendants
------------------------------------------------------------X

      Plaintiff, ICC CHEMICAL CORPORATION ("Plaintiff" or "ICC"), by its attorney, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

### JURISDICTION AND VENUE

      1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a corporation organized and existing under and by virtue of the laws of the United States of America, and has its principal place of business at 460 Park Avenue, New York, NY 10022, U.S.A.

3. Upon information and belief, at all material times, Defendant, Kundan Rice Mills Ltd. ("Kundan Rice") was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at Kundan House, D-17, Central Market, Prashant Vihar, New Delhi 110085, India.

4. Upon information and belief, at all material times, Defendant, Kundan Group ("Kundan Group") was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at Kundan House, D-17, Central Market, Prashant Vihar, New Delhi 110085, India.

5. Upon information and belief, Defendant, Kundan Rice was and still is the chemical division of Defendant Kundan Group and imports and stores various chemicals and solvents.

6. Upon information and belief, Defendants, Kundan Rice and Kundan Group share the same office and place of business at Kundan House, D-17, Central Market, Prashant Vihar, New Delhi 110 085.

7. Upon information and belief, Defendants Kundan Rice and Kundan Group have the same managing director, Pradeep Garg.

8. Upon information and belief, Defendant Kundan Rice has been involved in communications with Plaintiff on its behalf and/or on behalf of Defendant Kundan Group regarding the transactions discussed below.

2

## FACTS GIVING RISE TO CLAIM

**M.T GOLDEN GLORY**

  9. On or about July, 2005, Plaintiff chartered the vessel M.T. GOLDEN GLORY ("GOLDEN GLORY") for the carriage of about 411 metric tons of iso-propyl alcohol ("IPA") from Kaohsiung, Taiwan to Kandla Port, India for delivery to Defendant, Kundan Rice. The IPA was shipped pursuant to a marine bill of lading No. GG/KAO/KAN-03 dated July 6, 2005, which show the shipper as ICC and is consigned to the order of Canara Bank, New Delhi, India.

  10. The GOLDEN GLORY arrived at Kandla Port, India on or about end July 2005. However, the original bill of lading did not reach Kandla Port before the vessel's arrival at the port. In consideration of ICC delivering the cargo to Kundan Rice without presentation of the original bill of lading, Kundan Rice issued a Letter of Indemnity ("LOI") to ICC agreeing to "indemnify" and hold "[ICC] harmless in respect of any liability loss or damage of whatsoever nature which [ICC] may sustain by reason of delivering the goods" to Kundan Rice. ICC also tendered a back to back LOI to Hanjin Shipping Co. Ltd, owners of the GOLDEN GLORY, indemnifying to hold owners harmless to deliver the cargo at Kandla Port to Kundan Rice without production of the original bill of lading. In accordance with LOI issued by Kundan Rice and ICC, the IPA was delivered to Kundan Rice by the vessel without the presentation of the original bill of lading.

  11. By reason of delivering the IPA to Kundan Rice at Kandla Port, ICC has incurred loss or damage with respect to the shipment of IPA in the amount of $387,381.33 for which Kundan Rice is liable under the terms of the LOI.

12. However, despite various reminders to, and assurances from Kundan Rice, Kundan Rice has failed, neglected and/or otherwise refused to pay the amount in the sum of $387,381.33, due and owing to the Plaintiff.

13. By reasons of the premises, Plaintiff has sustained damages in the amount of $387,381.33, as best as can presently be calculated.

**M.T. ORIENTAL KERIA**

14. On or about July, 2005, Plaintiff chartered the vessel M.T. ORIENTAL KERIA ("ORIENTAL KERIA") for the carriage of about 1,100 metric tons of phenol from Genoa, Italy to Kandla Port, India for delivery to Defendant, Kundan Rice. The phenol was shipped pursuant to a marine bill of lading No. ICC/PHE-01 dated July 11, 2005, which show the shipper as ICC and is consigned to the order of Canara Bank, New Delhi, India.

15. The ORIENTAL KERIA arrived at Kandla Port, India on or about end July 2005. However, the original bill of lading did not reach Kandla Port before the vessel's arrival at the port. In consideration of ICC delivering the cargo to Kundan Rice without presentation of the original bill of lading, Kundan Rice issued a Letter of Indemnity ("LOI") to ICC agreeing to "indemnify" and hold "[ICC] harmless in respect of any liability loss or damage of whatsoever nature which [ICC] may sustain by reason of delivering the goods" to Kundan Rice. ICC also tendered a back to back LOI to Daitoh Trading Co. Ltd, disponent owners of the ORIENTAL KERIA, indemnifying to hold owners harmless to deliver the cargo at Kandla Port to Kundan Rice without production of the original bill of lading. In accordance with LOI issued by Kundan Rice and ICC, the phenol was delivered to Kundan Rice by the vessel without the presentation of the original bill of lading.

4

16. By reason of delivering the phenol to Kundan Rice at Kandla Port, ICC has incurred loss or damage with respect to the shipment of phenol in the amount of $1,048,195.83 for which Kundan is liable under the terms of the LOI.

17. On around December 25, 2005, Kundan Rice paid an amount of $94,000.00 to ICC towards part payment of the phenol shipment. However, despite various reminders to, and assurances from Kundan Rice, Kundan Rice has failed, neglected and/or otherwise refused to pay the balance in the amount of $954,195.83, due and owing to the Plaintiff.

18. By reasons of the premises, Plaintiff has sustained damages in the amount of $954,195.83, as best as can presently be calculated.

19. By reasons of the premises, Plaintiff has sustained damages arising out of the above two letters of indemnity totaling $1,341,577.16 ($387,381.33 + $954,195.83) as best as can presently be calculated.

20. The delivery of goods and obligations arising under the LOI are maritime contracts.

21. All disputes arising under the LOI are to be submitted to the jurisdiction of The High Court of Justice of England under English Law. In addition to its principal claim, Plaintiff is also entitled in England to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $200,000.

22. Litigation of these disputes may take up to two years. Plaintiff is entitled to and would receive compound interest from October 15, 2005 to July 15, 2008 at 6.5% per annum to the completion of the litigation of about $480,749.67.

23. Plaintiff's total claim against Defendants for which it seeks security herein is $2,022,326.83 ($1,341,577.16 + $480,749.67 + $200,000.00).

24. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

25. Plaintiff brings this action by seeking an order of seizure of Defendants' goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendants to proceed with litigation of Plaintiff's claim against Defendants and to retain jurisdiction to enter a judgment upon the judgment of the English High Court.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against KUNDAN RICE MILLS and KUNDAN GROUP, and that they be personally cited to appear and answer the matters set forth above.

2. That if the Defendants cannot be found within this District, then that Defendants' goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $2,022,326.83, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the decision of the English Court and that a judgment be entered upon the judgment of the aforesaid Court for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4.  That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       July 16, 2008

                                        **LAW OFFICES OF RAHUL WANCHOO**
                                        Attorneys for Plaintiff
                                        ICC CHEMICAL CORPORATION

                                        By: _____
                                            Rahul Wanchoo (RW-8725)

7

# VERIFICATION

STATE OF NEW YORK    )
                     ss.
COUNTY OF NEW YORK)

I, **NAVEEN CHANDRA**., being duly sworn, deposes and says:

I am the Executive Vice President of **ICC CHEMICAL CORPORATION**; that I am authorized by said company to make this verification in its behalf; and that I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

_____
NAVEEN CHANDRA

Sworn to and subscribed to before
me this 15th day of July, 2008.

_____
Notary Public

LINDA M. GREEN
Notary Public, State of New York
No. GR4836230
Qualified in Kings County
Certificate Filed in New York County
Commission Expires April 30, 2011