**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ICC CHEMICAL CORPORATION

                Plaintiff,

- against -

KUNDAN RICE MILLS LTD. and
KUNDAN GROUP

                Defendants.

-------------------------------------------------------------X

ECF CASE

08 Civ. 6390 (WHP)

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR AN ORDER
OF MARITIME ATTACHMENT AND GARNISHMENT
PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL
RULES FOR CERTAIN ADMIRALTY AND MARITIME
<u>CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff, ICC CHEMICAL CORPORATION ("Plaintiff"), respectfully submit this

Memorandum of Law in support of its application for an order directing the Clerk of the Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in connection with Plaintiffs' admiralty and maritime claims in the amount of $2,022,326.83 (U.S. Dollars Two Million Twenty Two Thousand Three Hundred Twenty Six and Cents Eighty Three) resulting from breach of a charter party.

## STATEMENT OF FACTS

**M.T GOLDEN GLORY**

On or about July, 2005, Plaintiff chartered the vessel M.T. GOLDEN GLORY ("GOLDEN GLORY") for the carriage of about 411 metric tons of iso-propyl alcohol ("IPA") from Kaohsiung, Taiwan to Kandla Port, India for delivery to Defendant, Kundan Rice. The IPA was shipped pursuant to a marine bill of lading No. GG/KAO/KAN-03 dated July 6, 2005, which show the shipper as ICC and is consigned to the order of Canara Bank, New Delhi, India.

The GOLDEN GLORY arrived at Kandla Port, India on or about end July 2005. However, the original bill of lading did not reach Kandla Port before the vessel's arrival at the port. In consideration of ICC delivering the cargo to Kundan Rice without presentation of the original bill of lading, Kundan Rice issued a Letter of Indemnity ("LOI") to ICC agreeing to "indemnify" and hold "[ICC] harmless in respect of any liability loss or damage of whatsoever nature which [ICC] may sustain by reason of delivering the goods" to Kundan Rice. ICC also tendered a back to back LOI to Hanjin Shipping Co. Ltd, owners of the GOLDEN GLORY, indemnifying to hold owners harmless to deliver the cargo at Kandla Port to Kundan Rice without production of the original bill of lading. In accordance with LOI issued by Kundan

Rice and ICC, the IPA was delivered to Kundan Rice by the vessel without the presentation of the original bill of lading.

By reason of delivering the IPA to Kundan Rice at Kandla Port, ICC has incurred loss or damage with respect to the shipment of IPA in the amount of $387,381.33 for which Kundan Rice is liable under the terms of the LOI.

However, despite various reminders to, and assurances from Kundan Rice, Kundan Rice has failed, neglected and/or otherwise refused to pay the amount in the sum of $387,381.33, due and owing to the Plaintiff.

By reasons of the premises, Plaintiff has sustained damages in the amount of $387,381.33, as best as can presently be calculated.

**M.T. ORIENTAL KERIA**

On or about July, 2005, Plaintiff chartered the vessel M.T. ORIENTAL KERIA ("ORIENTAL KERIA") for the carriage of about 1,100 metric tons of phenol from Genoa, Italy to Kandla Port, India for delivery to Defendant, Kundan Rice. The phenol was shipped pursuant to a marine bill of lading No. ICC/PHE-01 dated July 11, 2005, which show the shipper as ICC and is consigned to the order of Canara Bank, New Delhi, India.

The ORIENTAL KERIA arrived at Kandla Port, India on or about end July 2005. However, the original bill of lading did not reach Kandla Port before the vessel's arrival at the port. In consideration of ICC delivering the cargo to Kundan Rice without presentation of the original bill of lading, Kundan Rice issued a Letter of Indemnity ("LOI") to ICC agreeing to "indemnify" and hold "[ICC] harmless in respect of any liability loss or damage of whatsoever nature which [ICC] may sustain by reason of delivering the goods" to Kundan Rice. ICC also tendered a back to back LOI to Daitoh Trading Co. Ltd, disponent owners of the ORIENTAL

KERIA, indemnifying to hold owners harmless to deliver the cargo at Kandla Port to Kundan Rice without production of the original bill of lading. In accordance with LOI issued by Kundan Rice and ICC, the phenol was delivered to Kundan Rice by the vessel without the presentation of the original bill of lading.

By reason of delivering the phenol to Kundan Rice at Kandla Port, ICC has incurred loss or damage with respect to the shipment of phenol in the amount of $1,048,195.83 for which Kundan is liable under the terms of the LOI.

On around December 25, 2005, Kundan Rice paid an amount of $94,000.00 to ICC towards part payment of the phenol shipment. However, despite various reminders to, and assurances from Kundan Rice, Kundan Rice has failed, neglected and/or otherwise refused to pay the balance in the amount of $954,195.83, due and owing to the Plaintiff.

By reasons of the premises, Plaintiff has sustained damages in the amount of $954,195.83, as best as can presently be calculated.

By reasons of the premises, Plaintiff has sustained damages arising out of the above two letters of indemnity totaling $1,341,577.16 ($387,381.33 + $954,195.83) as best as can presently be calculated.

The delivery of goods and obligations arising under the LOI are maritime contracts.

All disputes arising under the LOI are to be submitted to the jurisdiction of The High Court of Justice of England under English Law. In addition to its principal claim, Plaintiff is also entitled in England to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $200,000.

Litigation of these disputes may take up to two years. Plaintiff is entitled to and would receive compound interest from October 15, 2005 to July 15, 2008 at 6.5% per annum to the completion of the litigation of about $480,749.67.

Plaintiff's total claim against Defendants for which it seeks security herein is $2,022,326.83 ($1,341,577.16 + $480,749.67 +$200,000.00).

All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

Plaintiff brings this action by seeking an order of seizure of Defendants' goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendants to proceed with the litigation of Plaintiff's claim against Defendants and to retain jurisdiction to enter a judgment upon the decree of the Courts in England.

As a result of the foregoing, Plaintiff asserts a claim in the amount of $2,022,326.83 for loss or damage arising out the letter of indemnity issued by the Defendants, attorneys' fees and costs and interest in the litigation in England, as nearly as can be estimated at present.

## ARGUMENT

### POINT I

**AN ORDER AUTHORIZING THE ISSUANCE OF PROCESS OF MARITIME ATTACHMENT SHOULD BE GRANTED PURSUANT TO SUPPLEMENTAL RULES B (1) TO ALLOW ATTACHMENT OF DEFENDANTS' ASSETS IN THE HANDS OF NON-PARTIES TO THIS ACTION**

Rule B (1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B (1)"), specifically permits prejudgment

attachment in admiralty or maritime cases whenever the defendant cannot be "found" with the district:

> With respect to any admiralty or maritime claim *in personam* a verified complaint may contain a prayer for process to attach the defendant's good and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or plaintiff's attorney that, to the affiant's knowledge, or to the best of the affiant's information and belief, the defendant cannot be found within the district. The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.

Plaintiff's claim arises under a letter of indemnity which is a maritime contract and, therefore, is a claim within the admiralty jurisdiction of this Court. See Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14 (2004). Because Plaintiff possesses a maritime claim, it may secure a maritime attachment pursuant to Supplemental Rule B (1) against all assets and property (up to the amount of the claim) belonging to Defendant which may be situated within the district "if the defendant(s) shall not be found within the district". Supplemental Rule B (1).

For purposes of Supplemental Rule B(1), the term "found within the district" presents a two-pronged inquiry. If the defendants cannot be found within the district for jurisdictional purposes and for service of process, an attachment is permissible. See Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963); see also 29 Moore's Federal Practice § 705.02 [2][b] (Matthew Bender 3d ed.). As explained in the accompanying Affidavit of Rahul Wanchoo, Defendants cannot be found within this District Court under this analysis. Accordingly, the issuance of an order of maritime attachment is proper.

Rule B attachment is also proper in aid of foreign litigation or arbitration. <u>Polar Shipping Ltd. v. Oriental Shipping Corp.</u>, 680 F.2d. 627, 632 (9th Cir. 1982); <u>Staronset Shipping Ltd. v. North Star Navigation Inc.,</u> 659 F. Supp. 189, 191 (S.D.N.Y. 1987); <u>Andros Compania Maritima,S.A. v. Andre and Cie, S.A.</u>, 430 F. Supp. 88 (S.D.N.Y. 1977).  See also <u>Drys Shipping Corp. v. Freight of the M.S. DRYS,</u> 558 F.2d 1050 (2ds Cir. 1977).  Maritime attachment and garnishment is available not only against an account maintained by a defendant in New York, but also against any correspondent bank which is used to transfer funds of a defendant's in or out of New York.  <u>Winter Storm Shipping Ltd. v. TPI</u>, 310 F.3d 263 (2d Cir. 2002).

## POINT II

### AN ORDER AUTHORIZING THE ISSUANCE OF PROCESS OF MARITIME ATTACHMENT SHOULD IN ADDITION TO PLAINTIFF'S PRINCIPAL CLAIM ALSO INCLUDE INTEREST, COSTS AND ATTORNEYS' FEES

Plaintiff seeks to attach Defendants' assets in the hands of non-parties.  In order to attach Defendant's assets in the hands of non-parties, an order of attachment and garnishment is required.  An Order authorizing the issue of maritime attachment is based not only on the principal amount of the claim but also for interest, attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim in England against the Defendants. See, e.g., <u>Consub Delaware LLC v. Schahin Engenharia Limitada,</u> 476 F.Supp.2d 305 (S.D.N.Y. 2007), <u>Sonito Shipping Company Ltd. v. Sun United Maritime Ltd.,</u> 478 F.Supp.2d 532 (S.D.N.Y. 2007), and <u>T&O Shipping Ltd. v. Lydia Shipping Co. S.A.,</u> 415 F.Supp.2d 310 (S.D.N.Y. 2006). Plaintiff therefore requests that the Court issue an order authorizing process of maritime attachment and garnishment in order to secure Plaintiff's claims against Defendants in the London High Court in the amount of $2,022,326.83 (U.S. Dollars Two Million Twenty Two

thousand Three Hundred Twenty Six and Cents Eighty Three), as nearly as can be estimated at present.

## CONCLUSION

By reason of the foregoing, it is respectfully submitted this Court should issue an Order authorizing the issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B(1) and Plaintiff should have such other and further relief as is just and proper in the circumstances.

Dated: New York, New York
      July 15, 2008

Respectfully submitted,

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
ICC CHEMICAL CORPORATION


By: _____/s/_____
    Rahul Wanchoo (RW-8725)